The People of the State of New York, Respondent, *v.* Raymond F. Brayer, Appellant.

Fourth Department, October 31, 1958.

*William B. Mahoney* for appellant.

*John F. Dwyer, District Attorney* (*George R. Blair* of counsel), for respondent.

*Per Curiam.* This proceeding comes before us pursuant to a notice of appeal from an order adjudging appellant guilty of a contempt of court. On the same day the notice of appeal was filed and served appellant, as petitioner, commenced a proceeding under article 78 to review the same order. This latter proceeding is being dismissed simultaneously with the making of this decision. The dual action was taken because of appellant's understandable uncertainty as to the proper method of bringing before this court the questions to be reviewed. In our opinion the alleged contempt herein was punished after a hearing and the review is by appeal. (*Matter of Grand Jury* [*Reardon*], 278 App. Div. 206, 211.) We, therefore, treat the record before us as one from an appeal from the order.

We recognize that under the provisions of section 2447 of the Penal Law a grant of immunity must be founded upon an express provision of a statute authorizing the conferring of such immunity. In this Grand Jury investigation the appellant, when called as a witness, was informed by the assistant district attorney that the body was conducting an investigation of bribery and conspiracy in which sections 378 and 580 of the Penal Law were involved. The witness was then told that " under both these sections there are provisions under which the witness can be directed to answer the questions." This statement was in part incorrect. Apparently, reference was

being made to sections 381 and 584, which provide for the granting of immunity "in accordance with the provisions of section two thousand four hundred forty-seven of this chapter." At this stage of the hearing no reference was made to the latter section.

The witness was then excused and the Grand Jury voted to grant immunity to the witness pursuant to section 2447. Upon the recall of the witness he was in substance instructed that "he had been granted immunity for any crime he might be questioned about in this inquiry." This broad grant was promptly confused by the assistant district attorney informing the witness that "You understand the Foreman has advised you by its vote the Grand Jury grants you immunity *under sections of the Penal Law as you discussed with your attorney* — is that right?" (emphasis supplied) and the witness answered in the affirmative.

As we construe section 2447 of the Penal Law the Grand Jury must be conducting an investigation where, by express statutory provision, it is authorized to grant immunity. It may be found that here the Grand Jury was investigating the crimes of bribery and conspiracy and, as has been pointed out, the grant of immunity is authorized in an investigation relating to the violation of any section of the respective chapters relating to such crimes. The operative procedure for the conferring of such immunity is found in section 2447. The word "immunity" as used therein "means that such person shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which  *  *  *  he gave answer or produced evidence".

Thus, "section 2447 is designed as a complete immunity statute" (*People* v. *De Feo,* 308 N. Y. 595, 604) and not one limited to immunity for the crimes being investigated by the Grand Jury. If in the course of the investigation the witness is required to testify or give evidence as to transactions, matters or things subjecting him to prosecution for crimes other than those under investigation immunity has been conferred.

A reading of the proceedings before the Grand Jury leads to the conclusion that the statements of the prosecutor to the witness might have been construed, and so appellant contends, as only conferring immunity as to the crimes of bribery or conspiracy without regard to the ensuing scope of the investigation. In other words, the witness, according to his contention, was never fairly informed that immunity followed although the investigation subsequently explored areas outside of bribery and conspiracy. Moreover, the grant was confused by inform-

ing the witness that it was given under sections of the Penal Law "as you discussed with your attorney." What these discussions may have been were not placed on the record.

In summary, a witness before the Grand Jury, where he cannot be represented by counsel, who is about to be given immunity in accordance with section 2447 should be fully and fairly informed as to the extent of the protection afforded by the statute. We conclude that the instructions of the prosecutor in this proceeding fall far short of this requirement.

We find, however, that when the witness was taken before the court he was represented by counsel and he was directed by the court to return before the Grand Jury and answer the posed questions. In connection therewith appellant was instructed by the court that the investigation related to the crimes of bribery and conspiracy and that immunity had been granted as provided in section 2447 of the Penal Law. It does not appear that either appellant or his counsel at that time expressed any doubt as to the scope of immunity that had been conferred. Thereafter, appellant returned before the Grand Jury and persisted in his refusal to answer the questions. This action, it seems to us, clarified the defects in the earlier proceedings before the Grand Jury. Upon the whole record we find that appellant was adequately informed of the scope of immunity that he had been granted by the Grand Jury before he committed the acts constituting the contempt.

We have considered the point raised by the appellant as to the effect of the risk of possible Federal prosecution and have come to the conclusion that, under the circumstances of this case, that is not a valid ground for declining to answer.

The order appealed from should be affirmed.

All concur. Present — McCurn, P. J., Bastow, Goldman and Halpern, JJ.

Order adjudging appellant in contempt of court affirmed, without costs of this appeal to either party.